UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AARON HAHN,

                Plaintiff,

v.

DOUG WADDINGTON, et al,

                Defendants.

Case No. 3:14-cv-05047-RJB-TLF

ORDER TO SHOW CAUSE

This matter comes before the Court on the order of United States District Judge Robert J. Bryan referring the case to the undersigned. Dkt. 48.

On January 6, 2015, the Judge Bryan adopted the Report and Recommendation of United States Magistrate Judge Karen L. Strombom that defendants' motion to dismiss (Dkt. 28) be granted, on the basis that the Washington statute of limitations prevented consideration of plaintiff's civil rights claims (Dkts. 32, 36). Plaintiff's claims stemmed from an incident that occurred on April 26, 2010, in which he was attacked by another inmate while at the Washington State Penitentiary located in Walla Walla, Washington. Dkt. 32, p. 3. But because plaintiff did not file any grievance regarding that incident until December 6, 2012, prison officials found the grievances he filed to be untimely. *Id.*

Plaintiff stated he filed a civil rights complaint on or before April 26, 2013 – the last day on which he could file his complaint and not be barred by the statute of limitations – in the United States District Court for the Eastern District of Washington. Dkt. 32, pp. 3-4. He further

ORDER TO SHOW CAUSE - 1

stated that in June 2013, that court ordered him to amend his complaint or voluntarily dismiss the action, and that on or about September 19, 2013, the complaint was ultimately dismissed because it was filed in the wrong district. *Id.* at p. 3.

Plaintiff filed his current civil rights complaint with this Court on January 15, 2014. *Id.* Judge Strombom found that it was clear from the face of the complaint that plaintiff knew of the attack on the day it occurred, that under the relevant statute of limitations he had until April 26, 2013, to file his complaint in this Court, that he did not file it until January 15, 2014, and therefore that it was now time-barred. Dkt. 32, p. 4. Judge Strombom also declined to find plaintiff was entitled to equitable tolling, because he had failed to prove defendants misled or deceived him about the time frame for filing his action or that they made any false assurances about his ability to file an action. *Id.* at p. 5.

Judge Strombom accordingly recommended that the Court grant defendants' motion to dismiss, which Judge Bryan did on January 6, 2015. Dkts. 32, 36. Following plaintiff's appeal of that decision, on June 5, 2017, the Ninth Circuit ruled that the Court erred in its dismissal of the complaint, finding its untimely filing was not plaintiff's fault. Dkt. 44, Memorandum Opinion, No. 15-35091, D.C. No. CV-14-5047-RJB, p. 2. Specifically, the Ninth Circuit found plaintiff "timely and appropriately filed in the Eastern District of Washington; after the Easter District dismissed [plaintiff's] claims against residents of the district, that court erred by dismissing instead of transferring venue to the Western District of Washington, where the sole remaining defendants resided." *Id.* "By the time [plaintiff] received notice of the dismissal, the statute of limitations had expired." *Id.*

The Ninth Circuit went on to find that justice required tolling under these circumstances, but that "the remedy is modest – [plaintiff] will simply be placed in the position he would have

been in had the Eastern District appropriately transferred his claim." Dkt. 44, Memorandum Opinion, p. 3. The Ninth Circuit further went on to state that "[t]hus [plaintiff] is entitled to equitable tolling under Washington law only if he was diligent in pursuing this action in the Western District of Washington after dismissal." *Id.* The Ninth Circuit also found that "[a] dispute of fact remains as to [plaintiff's] diligence, which cannot be resolved on appeal," and that "[t]he issue of [plaintiff's] diligence, along with [d]efendants' other arguments in favor of dismissal, can appropriately be resolved by the district court on remand." *Id.* at pp. 3-4.

At the outset, the undersigned notes there appears to be somewhat of a contradiction in the Ninth Circuit's ruling and its direction to the Court on remand. As just noted, plaintiff is to be "placed in the position he would have been" had his claim been properly transferred. On the other hand, plaintiff is entitled to equitable tolling only if he was diligent in pursuing this action in this district. However, "[w]hen an action is transferred, its essential nature remains unchanged, and the action, together with all its accouterments, is sent to the receiving court." *In re Brand-Name Prescription Drugs Antitrust Litigation*, 264 F.Supp.2d 1372, 1378 (S.D.N.Y. 2003) (Judicial Panel on Multidistrict Litigation) (citing *Magnetic Eng'g & Mfg. v. Dings Mfg.*, 178 F.2d 866, 868 (2nd Cir.1950); *Phebus v. Search*, 264 F. 407, 409–10 (8th Cir.1920)).

This would seem to mean that at least in terms of the statute of limitations, the complaint that plaintiff filed in the Eastern District of Washington would have been deemed timely filed in this Court had it been properly transferred instead of dismissed. But because that complaint was instead dismissed, plaintiff was forced to file a new complaint in this Court, and he did not do so until January 15, 2014, or more than six months after the first complaint was dismissed. Whether plaintiff acted diligently in waiting that long may be the "dispute of fact" referred to by the Ninth Circuit here. At the same time, though, the Ninth Circuit pointed out that plaintiff did not receive

ORDER TO SHOW CAUSE - 3

notice of the complaint's dismissal until *after* the statute of limitations had expired.

In other words, no matter how quickly plaintiff moved to file his new complaint with this Court, the statute of limitations would have run. And while perhaps plaintiff was not particularly diligent in waiting until the last day of the statute of limitations period to file his initial complaint with the Eastern District of Washington, nevertheless that complaint *was* timely filed, and once more had that court properly transferred the case, it would now be timely here. Accordingly, to the extent there is a dispute of fact as to whether plaintiff acted diligently, the undersigned finds that he did and that he is entitled to equitable tolling, unless defendants can show cause why that finding is erroneous.[1]

Defendants, therefore, shall have until **September 8, 2017**, to show cause why this Court should not apply equitable tolling and allow this matter to proceed. If defendant fails or declines to respond and make such a showing by that date, the Court shall re-note the remaining claims in defendants' motion to dismiss for consideration. Plaintiff will be given an additional opportunity to respond to the motion and defendants an opportunity to reply thereto.

Dated this 30th day of August, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

---

[1] Indeed, defendants appear to be in agreement with the undersigned's reading of the Ninth Circuit's opinion, or at least that plaintiff is entitled to equitable tolling here. Dkt. 54 (Response to Motion to Appoint Counsel), p. 2 (stating that "the sole issue on appeal was the entitlement to equitable tolling under Washington law, and now that the equitable tolling issue has been resolved, the case will essentially begin.").

ORDER TO SHOW CAUSE - 4