UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AARON HAHN,

                Plaintiff,

v.

DOUG WADDINGTON, et al,

                Defendants.

Case No. 3:14-cv-05047-RJB-TLF

ORDER DENYING PLAINTIFF'S MOTION FOR COST

This matter comes before the Court on plaintiff's motion for cost against the government related (1) to his appeal of the Court's Order granting defendants' motion to dismiss on statute of limitations grounds, and (2) to proceedings before this Court. Dkt. 47. For the reasons set forth below, the Court finds plaintiff's motion should be denied.

Defendants argue plaintiff's motion should be denied as to any costs related to the appeal because the motion is untimely and made in the wrong court. Defendants further argue plaintiff's motion should be denied as to any costs related to the litigation before this Court, because such a request is premature. The undersigned agrees.

Under Federal Rule of Appellate Procedure (FRAP) 39(d) (3), any party "who wants costs taxed must—within 14 days after entry of judgment—file with the circuit clerk, with proof of service, an itemized and verified bill of costs." Thus, it is the Ninth Circuit Clerk of Court, not

ORDER DENYING PLAINTIFF'S MOTION FOR COST - 1

1 this Court, with whom plaintiff must apply for costs. As defendants point out, plaintiff did file a
2 bill of costs request with the Ninth Circuit Clerk of Court on June 30, 2017, but that request was
3 filed more than 14 days after the Ninth Circuit issued its judgment on June 5, 2017. *See Hahn v.*
4 *Waddington*, Ninth Circuit Cause No. 15-35091, Dkt. 62.

Plaintiff argues the proper date upon which to rely to determine whether he timely filed his bill of costs is the date of the Ninth Circuit's mandate, which was issued on June 27, 2017 (*Hahn*, Ninth Circuit Cause No. 15-35091, Dkt. 61), and not June 5, 2017, the date it issued its memorandum in which it reversed and remanded the Court's Order. (*Id.*, Dkt. 60). The mandate, however, is not the judgment, and thus is the reason the Ninth Circuit rejected plaintiff's bill of costs as untimely. *Id.*, Dkt. 63. Plaintiff was required to file his bill of costs within 14 days of the date the memorandum disposing of the issues raised was issued, and his failure to do so resulted in the bill of costs' denial. *See Mollura v. Miller*, 621 F.2d 334, 336 (9th Cir. 1980) ("Claims for costs should be filed promptly after the entry of judgment. Rule 39(d) sets forth a 14-day time limit in plain terms and its definite time limit must be scrupulously observed by litigants.").

As for costs plaintiff has incurred in prosecuting the lawsuit currently before this Court, again as defendants point out costs "should be allowed to the *prevailing* party." Federal Rule of Civil Procedure 54(d)(1) (emphasis added). While plaintiff may have prevailed on appeal to the Ninth Circuit on the statute of limitations and equitable tolling issue, he has not prevailed as to his civil rights claims in this Court. Indeed, as noted in the Order to Show Cause issued the same date herewith, the other arguments defendants raised in their motion to dismiss plaintiff's complaint remain and await resolution by the Court.

/ / / / /

/ / / / /

Accordingly, for the foregoing reasons, plaintiff's motion for cost (Dkt. 47) is DENIED. The Clerk shall send a copy of this Order to the plaintiff.

Dated this 30th day of August, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge