UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AARON HAHN, <br><br> Plaintiff, <br><br> v. <br><br> DOUG WADDINGTON, et al, <br><br> Defendants. | Case No. 3:14-cv-05047-RJB-TLF <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on plaintiff's motion for appointment of counsel. Dkt. 52. Having carefully considered that motion and balance of the record, the Court finds it should be denied.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328,

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 1

1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved, and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

This is plaintiff's third request for appointment of counsel in this case, the first one since this matter was remanded by the Ninth Circuit. *See* Dkts. 22, 34. Both of those previous motions were denied by the Court. *See* Dkts. 23, 36. In his current motion, plaintiff states he is unable to afford counsel, his incarceration will greatly limit his ability to litigate this matter, this case may go to trial and an attorney would be better able to present evidence and cross-examine witnesses on his behalf, and counsel was appointed for him on appeal to the Ninth Circuit "due to complex issues presented." Dkt. 52, pp. 1-2.

The fact that plaintiff cannot afford counsel, that his confinement may limit his ability to litigate this matter to a certain extent, and that this case may possibly go to trial does not present the type of exceptional circumstances that might warrant appointment of counsel at government expense. Rather, these are the conditions of imprisonment that all inmates who file civil rights complaints in general face. *See Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1998) ("The instances that [plaintiff] claims indicate the presence of [exceptional circumstances] are difficulties which any litigant would have in proceeding pro se; they do not indicate exceptional factors."). Nor has plaintiff demonstrated a likelihood of success, particularly in light of the fact that defendants' remaining arguments in support of their motion to dismiss have not yet been resolved. Further, although he may have been appointed counsel in relation to the Ninth Circuit proceedings, plaintiff has not shown why that fact warrants similar appointment for proceedings

before this Court, especially in light of the other factors just discussed.

Accordingly, plaintiff's motion for appointment of counsel (Dkt. 52) is DENIED. The Clerk shall send a copy of this Order to plaintiff.

Dated this 30th day of August, 2017.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL - 3