UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AARON HAHN,

                Plaintiff,

  v.

DOUG WADDINGTON, et al,

                Defendants.

Case No. 3:14-cv-05047-RJB-TLF

ORDER REGARDING EQUITABLE TOLLING

This matter comes before the Court on defendants' response (Dkt. 61) to the Court's order to show cause why equitable tolling should not apply in this case (Dkt. 55), and plaintiff's reply thereto (Dkt. 63).

As noted in the order to show cause, in reversing the Court's dismissal of plaintiff's complaint based on the statute of limitations, the Ninth Circuit found plaintiff had timely and appropriately filed his compliant in the Eastern District of Washington, that that district court had erred by dismissing instead of transferring venue to this Court, and that by the time plaintiff had received notice of the dismissal the statute of limitations on his claims had expired. Dkt. 44. The Ninth Circuit went on to find that justice required tolling under these circumstances, but that the remedy was "modest – [plaintiff] will simply be placed in the position he would have been in had the Eastern District appropriately transferred his claim." Dkt. 44, p. 3. The Ninth Circuit stated that plaintiff would be entitled to equitable tolling, but only if he was diligent in pursuing this action in this Court after the dismissal. *Id.*

ORDER REGARDING EQUITABLE TOLLING - 1

1    Defendants argue plaintiff's "clear absence of diligence" requires the Court to find he is
2    not entitled to equitable tolling. Dkt. 61, p. 3. Defendants point out that plaintiff did not file any
3    grievance regarding the incident that forms the basis of his claim until more than two years after
4    the incident occurred on December 3, 2012, and that plaintiff filed his complaint with the Eastern
5    District of Washington on April 6, 2013, the last day he could do so for statute of limitation
6    purposes. But as noted above, the period of time the Ninth Circuit directed the Court to consider
7    in determining whether plaintiff has been diligent is *after* the Eastern District's dismissal of the
8    complaint. Further, the Ninth Circuit specifically found plaintiff had "timely and appropriately
9    filed in the Eastern District." Dkt. 44, p. 2.

As to the period at issue on remand, that period began on or about September 19, 2013, the date plaintiff's complaint was dismissed. Dkt. 30, p. 2. Plaintiff filed his current complaint in this Court four months later on January 15, 2004. Dkt. 1. Defendants point to filings plaintiff made in a separate *habeas corpus* proceeding during that four-month period as evidence of his lack of diligence in prosecuting this action. They assert this contradicts any claim plaintiff may have that he could not have exercised diligence as the result of mental health or legal access issues. Defendants argue that case law allows the Court to consider the totality of the circumstances in determining whether to apply equitable tolling, and that it should not be applied here based on lack of diligence.

"Generally, a litigant seeking equitable tolling bears the burden of establishing . . . that he has been pursuing his rights diligently." *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005) ("Under long-established principles . . . lack of diligence precludes equity's operation."). "[T]he standard of diligence required . . . is 'reasonable'." *Gibbs v. Legrand*, 767 F.3d 879, 889 (9th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 653 (2010)). "[I]t requires the effort that a

reasonable person might be expected to deliver under his or her particular circumstances." *Id.* (quoting *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011)).

In reversing and remanding this matter to determine whether plaintiff had been diligent in pursuing this action, the Ninth Circuit cited *Millay v. Cam*, 135 Wn.2d 193 (Wash. 1998). In that case, the Washington State Supreme Court noted, as the United States Supreme Court has done, that one predicate for equitable tolling is "the exercise of diligence by the plaintiff."[1] *Id.* at 205. It also noted, however, that equitable tolling should be allowed "when justice requires," and that "equitable tolling is appropriate when consistent with both the purpose of the statute providing the cause of action and the purpose of the statute of limitations." *Id.* (quoting *Douchette v. Bethel Sch. Dit. No. 403*, 117 Wn.2d 805, 812 (Wash. 1995)).

In *Douchette*, furthermore, the Washington State Supreme Court point out that "[i]n deciding whether to grant an equitable remedy, courts often 'balance the equities' between the parties, taking into consideration the relief sought by the plaintiff and the hardship imposed on the defendant.'" 117 Wn.2d at 812 (quoting 27 Am.Jur.2d, *Equity*, § 107 (1966)). In addressing the issue of whether equitable tolling should apply in this case in light of the Eastern District's failure to transfer venue to this Court, the Ninth Circuit stated:

> Under the particular circumstances of this case, equitable tolling is consistent with the policies underlying § 1983, and it is not inconsistent with those served by Washington's statute of limitations. *See Millay*, 955 P.2d at 797 ("In Washington equitable tolling is appropriate when consistent with both the purpose of the statute providing the cause of action and the purpose of the statute of limitations."). Strict adherence to the statute of limitations in the face of procedural unfairness cannot be reconciled with § 1983, which exists to promote "compensation of persons whose civil rights have been violated, and prevention of the abuse of state power." *Burnett v. Grattan*, 468 U.S. 42, 53 (1984); *see also Bd. of Regents of Univ. of N.Y. v. Tomanio*, 446

---

[1] The other predicate the Washington States Supreme Court noted is "bad faith, deception, or false assurances by the defendant." *Millay*, 135 Wn.2d at 205. This predicate is not at issue on remand, however, as the Ninth Circuit solely directed the Court to consider the issue of diligence on plaintiff's part. Dkt. 44, pp. 3-4.

ORDER REGARDING EQUITABLE TOLLING - 3

U.S. 478, 488 (1980). Moreover, the purposes underlying the statute of
limitations—finality and protection against stale and unverifiable claims—
will not be frustrated by allowing equitable tolling here. *See Kittinger v.
Boeing Co.*, 585 P.2d 812, 814 (Wash. Ct. App. 1978).

Although plaintiff has not offered an explanation for why he did not file his complaint in this Court until four months after the Eastern District's dismissal of his prior complaint, justice requires that equitable tolling be applied here as well. Given plaintiff's particular circumstances – e.g., his prisoner *pro se* status and the fact that he was dealing with a *habeas corpus* matter at the same time – it cannot be said that the four-months it took plaintiff to file his complaint was necessarily unreasonable. This would seem particularly true, given that defendants have neither alleged nor shown that they have suffered any hardship as a result of the delay. Indeed, the Ninth Circuit noted specifically that "defendants were aware of [plaintiff's] claim within the statutory time frame, when [he] filed in the Eastern District." Dkt. 44, p. 3.

Allowing plaintiff to proceed also would be consistent with the purpose of Section 1983, which, as the Ninth Circuit noted, "exists to promote 'compensation of persons whose civil rights have been violated, and prevention of the abuse of state power.'" Dkt. 44, p. 3 (quoting *Burnett*, 468 U.S. at 53; citing *Tomanio*, 446 U.S. at 488). Nor would "the purposes underlying the statute of limitations – finality and protection against stale and unverifiable claims – . . . be frustrated by allowing equitable tolling here." Dkt. 44, p. 3 (citing *Kittinger*, 585 P.2d at 814). While it may be that plaintiff will not ultimately prevail on the merits of his claims, at this point in the case there are no issues of finality, staleness, or lack of verifiability. Allowing those claims to proceed, at least to the motion to dismiss stage, is therefore proper.

For the above reasons, the Court finds that plaintiff was reasonably diligent in pursuing this action after dismissal by the Eastern District. Accordingly, the Court will consider Mr. Hahn's motion to amend the complaint (Dkt. 64) after the defense has had an opportunity to

respond to that motion. The Clerk shall send copy of this Order to plaintiff and counsel for defendants.

Dated this 16th day of November, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge