UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AARON HAHN,

Plaintiff,

v.

DOUG WADDINGTON, et al.,

Defendants.

CASE NO. 14-5047 RJB/TLF

ORDER ON DEFENDANTS' OBJECTION TO AND APPEAL FROM MAGISTRATE JUDGE'S ORDER

This matter comes before the Court on the Defendants' Objection to and Appeal from Magistrate Judge's Order. Dkt. 67. The Court has considered the objection and appeal and the remaining file.

In this civil rights case, Plaintiff alleges that Defendants were deliberately indifferent to his mental health when they sent him to the Washington State Penitentiary and failed to protect him from an inmate on inmate assault which allegedly occurred on April 26, 2010. Dkt. 19.

## I. <u>FACTS</u>

Plaintiff originally filed the case on April 26, 2013, in the U.S. District Court for the Eastern District of Washington. Dkt. 30, at 1. Rather than transferring the case to this Court (the venue in which the Defendants reside), the Eastern District of Washington Court dismissed the case on September 19, 2013. Dkt. 30, at 2. Plaintiff filed this case on January 15, 2014, over

three years and eight months after he was allegedly assaulted and four months after the Eastern District of Washington Court dismissed his case. Dkt. 1.

On November 19, 2014, a Report and Recommendation was filed, which recommended dismissal of the case because the three year statute of limitations prevented consideration of the claims and considering all allegations in Plaintiff's complaint, he made no showing that he was entitled to equitable tolling; he did not show (1) bad faith, deception, or false assurances by defendants, and (2) the exercise of diligence. Dkt. 32. The undersigned adopted the Report and Recommendation. Dkt. 36.

On June 5, 2017, the Ninth Circuit Court of Appeals reversed the decision of this Court, and held that it "erred when it dismissed Hahn's § 1983 claim as untimely as a matter of law." *Hahn v. Waddington,* Ninth Cir. Court of Appeals case number 15-35091; in the record, and hereinafter cited, as Dkt. 44. The Ninth Circuit held:

> Although the complaint was filed over three years after Hahn's alleged injury, Washington law mandates equitable tolling when, as here, "justice requires." Hahn's complaint was untimely through no fault of his own. Hahn timely and appropriately filed in the Eastern District of Washington; after the Eastern District dismissed Hahn's claims against residents of the district, that court erred by dismissing instead of transferring venue to the Western District of Washington, where the sole remaining defendants resided. By the time Hahn received notice of the dismissal, the statute of limitations had expired.
> Under the particular circumstances of this case, equitable tolling is consistent with the policies underlying § 1983, and it is not inconsistent with those served by Washington's statute of limitations. . . Strict adherence to the statute of limitations in the face of procedural unfairness cannot be reconciled with § 1983, which exists to promote compensation of persons whose civil rights have been violated, and prevention of the abuse of state power. Moreover, the purposes underlying the statute of limitations—finality and protection against stale and unverifiable claims—will not be frustrated by allowing equitable tolling here.
> Under Washington law, justice requires tolling, but the remedy is modest—Hahn will simply be placed in the position he would have been in had the Eastern District appropriately transferred his claim.
> Thus, Hahn is entitled to equitable tolling under Washington law only if he was diligent in pursuing this action in the Western District of Washington after

> dismissal. A dispute of fact remains as to Hahn's diligence, which cannot be resolved on appeal.

*Id.* (*internal citations omitted*). The case was remanded. *Id.* The mandate was issued on June 27, 2017. Dkt. 46. This case was referred to U.S. Magistrate Judge Theresa L. Fricke for further proceedings. Dkt. 48.

On August 30, 2017, the magistrate judge ordered the Defendants to show cause, if any they had, why "equitable tolling should not apply" and gave Plaintiff an opportunity to respond. Dkt. 55. Both parties responded. Dkts. 61 and 63. On November 16, 2017, the magistrate judge issued an order finding that Plaintiff was entitled to equitable tolling of the statute of limitations. Dkt. 65.

On November 29, 2017, Defendants filed the instant objection and appeal. Dkt. 67. Defendants argue that the magistrate judge exceeded her authority in issuing the November 16, 2017 order, (rather than issuing a report and recommendation) because the issue was a dispositive one on their defense of the statute of limitations. *Id.* Further, the Defendants assert that the decision, that Plaintiff was entitled to equitable tolling, was in error. *Id.* Defendants argue that the decision's "balancing the equities" was inappropriate when deciding whether Hahn was diligent. *Id.*

## II. **DISCUSSION**

### A. FORM

Under Fed. R. Civ. P. 72 (b) a magistrate judge may issue a report and recommendation regarding dispositive proceedings of a "claim or defense." The November 16, 2017 order is dispositive regarding the Defendants' defense of the statute of limitations. It should be construed by this Court as a report and recommendation. Defendants' "Objections to and Appeal from Magistrate Judge's Order" shall be construed as Rule 72 (b)(2) objections to the report and

recommendation, and in accord with Rule 72 (b)(3), this Court will review the report and recommendation de novo.

**B.  EQUITABLE TOLLING**

Defendants assert that Plaintiff was not diligent in filing this case.  They point out that he waited four months after the Eastern District of Washington dismissed his case there to file this case in the Western District.  They assert that the basis for the magistrate judge's decision, that "justice requires" finding that Plaintiff is entitled to equitable tolling, is in error because it fails to consider the independent requirement that Plaintiff still show reason able diligence, that the decision should not have relied on Plaintiff's pro se status or Defendants' knowledge of the case (it was dismissed during the pre-screening stage in the Eastern District of Washington), and that Plaintiff has provided no basis to conclude that he was diligent in pursuing his case.  Dkt. 67.

The report and recommendation (Dkt. 65) should be adopted and the Plaintiff should be held to be entitled to equitable tolling of the statute of limitations.  In Washington, "[t]he predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Millay v. Cam*, 135 Wn.2d 193, 206 (1998)(*internal citations omitted*).  In remanding this case, the Ninth Circuit held that Plaintiff "is entitled to equitable tolling under Washington law only if he was diligent in pursuing this action in the Western District of Washington after dismissal."  It noted that there was a dispute of fact as to Plaintiff's diligence.

Plaintiff showed reasonable diligence after dismissal of his case.  He only waited four months to file the case.  Further, Defendants acknowledge that he was litigating his habeas corpus petition at the time.

Moreover, Plaintiff notes that the Ninth Circuit found that the Eastern District committed an error when it dismissed his timely filed complaint rather than transferring to this district. As stated in the report and recommendation, it is not in keeping with Washington's requirement that equitable tolling applies "when justice requires," if this action is dismissed due to an error of the court. Moreover, there is no prejudice to Defendants for the brief four month delay in the filing of this case. Plaintiff was reasonably diligent in filing his case, and equitable tolling should apply in these circumstances.

### III. ORDER

It is **ORDERED** that:

- U.S. Magistrate Judge Theresa L. Fricke's Order Regarding Equitable Tolling construed here as a report and recommendation (Dkt. 65) **IS ADOPTED**;
- The Defendants' Objection to and Appeal from Magistrate Judge's Order (Dkt. 67) **ARE DENIED**; and
- This case **IS RE-REFERRED** to U.S. Magistrate Judge Theresa L. Fricke for further proceedings.

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Theresa L. Fricke, all counsel of record, and to any party appearing *pro se* at said party's last known address.

Dated this 6th day of December 2017.

_____
ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANTS' OBJECTION TO
AND APPEAL FROM MAGISTRATE JUDGE'S
ORDER- 5