UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AARON HAHN,

                Plaintiff,

v.

DOUG WADDINGTON, SCOTT RUSSELL, and ROBERT MARTIN,

                Defendants.

Case No. 3:14-cv-05047-RJB-TLF

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of Judge Theresa L. Fricke, United States Magistrate Judge. Dkt. 112. The Court has considered the Report and Recommendation, objections, and the remaining record.

In this civil rights case, Plaintiff alleges that Defendants were deliberately indifferent to his health when they transferred him to the Washington State Penitentiary ("WSP"), in Walla Walla, Washington, where he was assaulted, despite Plaintiff telling Defendant Robert Martin about his fears of going to WSP and about Plaintiff's mental health conditions. Dkt. 19.

**I.    PROCEDURAL HISTORY AND BACKGROUND FACTS**

Plaintiff originally filed the case on April 26, 2013, in the U.S. District Court for the Eastern District of Washington. Dkt. 30, at 1. Rather than transferring the case to this Court (the venue in which the Defendants reside), the Eastern District of Washington Court dismissed the case on September 19, 2013. Dkt. 30, at 2. Plaintiff filed this case on January 15, 2014, over

three years and eight months after he was allegedly assaulted and four months after the Eastern District of Washington Court dismissed his case. Dkt. 1.

On November 19, 2014, a Report and Recommendation was filed, which recommended dismissal of the case because the three year statute of limitations prevented consideration of the claims and, considering all allegations in Plaintiff's complaint, he made no showing that he was entitled to equitable tolling. Dkt. 32. The undersigned adopted the Report and Recommendation. Dkt. 36.

On June 5, 2017, the Ninth Circuit Court of Appeals reversed the decision of this Court, and held that it "erred when it dismissed Hahn's § 1983 claim as untimely as a matter of law." *Hahn v. Waddington,* Ninth Cir. Court of Appeals case number 15-35091; in the record at Dkt. 44.

The case was remanded to this Court and re-referred to Magistrate Judge Fricke. After concluding that Hahn was entitled to equitable tolling of the statute of limitations, a case scheduling order was issued; the discovery deadline was set for May 23, 2018. Dkts. 68 and 74.

On April 27, 2018, the Defendants moved for summary judgment dismissal of the case. Dkt. 85. Defendants then filed a motion for a protective order (Dkt. 90) and Plaintiff filed a 59 page motion to compel (Dkt. 93). Plaintiff's motion to compel was denied and Defendants' motion for a protective order was stricken as moot. Dkt. 111. That order held:

> A review of the objections and answers defendants provided in response to plaintiff's discovery requests fail to indicate either evasiveness of incompleteness on defendants' part. *See* Dkt. 93, pp. 5-59. Further, other than a general assertion that defendants have acted evasively or otherwise improperly in responding to those requests and have been "impeding [him] as every step" (Dkt. 99, p. 2), plaintiff offers no specific instances where defendants did so.
> Plaintiff claims that he discovered at least two more potential defendants via the initial discovery process (*id.* at p. 1) – in an attempt to defeat defendants' motion for a protective order and continue discover – but this merely indicates that defendants were in fact responsive to his requests. Nor has plaintiff established

ORDER ADOPTING REPORT AND
RECOMMENDATION - 2

> there is additional discovery that he needs or is otherwise entitled to, which has not already been provided, other than a general assertion that discovery is vital to litigation. *Id.* at p. 2.
>
> While this last assertion is undeniably true *in general*, plaintiff simply has not shown any improper behavior on the part of defendants in regard to discovery requests *in this litigation*. . . Additionally, given that the deadline for completing discovery has now passed (Dkt. 74), and that plaintiff as discussed herein, plaintiff has not shown he is entitled to further discovery in this matter, defendants' motion for a protective order is denied as moot.

Dkt. 111.

The background facts and further procedural history are in the Report and Recommendation (Dkt. 112, at 1-8) and are adopted here.

The Report and Recommendation recommends granting Defendants' motion for summary judgment dismissal. Dkt. 112. It recommends finding that: (1) Plaintiff failed to establish personal participation on the part of Waddington and Russell, (2) he failed to point to sufficient issues of fact that Mr. Martin was deliberately indifferent to his health, and (3) Mr. Martin is entitled to qualified immunity. *Id.* On September 6, 2018, Plaintiff filed objections to the Report and Recommendation. Dkt. 113. On September 20, 2018, the Defendants filed a response to the objections. Dkt. 114.

## II. DISCUSSION

The Report and Recommendation (Dkt. 112) should be adopted and the case dismissed. Plaintiff's objections do not provide a basis for rejecting the Report and Recommendation.

### A. OBJECTIONS RELATED TO DISCOVERY

Plaintiff asserts, in his objections, that discovery is not complete and that summary judgment should not be granted when discovery is ongoing. Dkt. 113. He maintains that this "includes three sets of motion to admit (one for each defendant) and the Plaintiff's second set of interrogatories." *Id.* Plaintiff argues that he filed a motion for default judgment due to

ORDER ADOPTING REPORT AND
RECOMMENDATION - 3

Defendants' failure to respond to discovery. *Id.* (On August 16, 2018, Plaintiff's motion for default judgment was denied. Dkt. 108. That same day, his motion to compel was denied. Dkt. 111.)

To the extent that Plaintiff is attempting to challenge the August 16, 2018 ruling denying his motion for default and his motion to compel (Dkts. 108 and 111) under Fed. R. Civ. P. 72 (a), the motion should be denied. Rule 72 (a) provides:

> **Nondispositive Matters**. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Plaintiff's objections regarding discovery are untimely; they were filed September 6, 2018, over 14 days after the August 16, 2018 orders denying his motion for default and motion to compel. Further, Plaintiff has failed to demonstrate that the rulings were clearly erroneous or contrary to law. He has not shown that he is entitled to further discovery. To the extent that Plaintiff objects to the August 16, 2018 rulings denying his motion for default and motion to compel under Fed. R. Civ. P. 72 (a), the motion should be denied.

To the extent that Plaintiff makes a motion under Fed. R. Civ. P. 56 (d), his motion should be denied. Under Fed. R. Civ. P. 56 (d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Plaintiff has failed to make a sufficient showing that he "cannot present facts essential to justify [his] opposition" to the Defendants' motion for summary judgment. Rule 56 (d).

1 Plaintiff filed his response to the motion for summary judgment a few days before the discovery

2 deadline passed. As he did in his motion to compel, Plaintiff again broadly asserts that the

3 Defendants have not answered his discovery requests. He has failed to show that he has not

4 received discovery to which he is entitled. To the extent Plaintiff intends these objections to be a

5 motion under Rule 56 (d), the motion should be denied.

### B. OBJECTIONS RELATED TO DEFENDANT MARTIN

In his objections, Plaintiff asserts generally that there are issues of fact. Dkt. 113. He alleges that he "notified Defendant Martin (and others) several times through [sic] kiosk messages, face-to-face meetings, and letters regarding his fears/concerns," and that Martin decided that Plaintiff's "fears/concerns were not credible." *Id*. Plaintiff asserts in his objections that he "never saw Defendant Martin after his initial classification, despite at least one kiosk message asking to see him so he would [sic] explain in person why Walla Walla would not work." *Id*. He asserts that he did not request placement at WSP. *Id*. (Despite a written request from Plaintiff to the contrary). Plaintiff acknowledges that he has a history of "serious mental illness" which resulted in "over twenty suicide attempts and many hospital stays." *Id*. He maintains that "[a]ny normal sane person would have drawn the inference that the Plaintiff did not want to go to WSP . . . and expressed his fears/concerns about going to WSP." *Id*. Plaintiff asserts that Defendant Martin drew that inference "because he looked into it and attempted to build a keep separate which he later decided on his own was not necessary, because he could not, did not, or would not validate Plaintiff's fears/concerns." *Id*.

As stated in the Report and Recommendation, Plaintiff points to no evidence that supports his assertions. Plaintiff acknowledges that he expressed generalized fears during the intake process, but did not identify any particular individual as the source of his fear, just that

WSP was dangerous. Plaintiff fails to point to issues of fact that demonstrate that Defendant Martin's recommendation regarding Plaintiff's placement was deliberately indifferent to Plaintiff's constitutional rights. Plaintiff does not show that Defendant Martin knew of and disregarded an excessive risk to Plaintiff. While there was a series of confusing communications between Plaintiff and Defendant Martin, none of them, either individually or collectively, establishes that Defendant Martin knew of, or should have known of, a risk of harm to Plaintiff. Moreover, Plaintiff fails to point to any facts that, construed in his favor, demonstrate that Defendant Martin is not entitled to qualified immunity. The Report and Recommendation should be adopted as to Defendant Martin and the claims asserted against him dismissed.

### C. OBJECTIONS RELATED TO DEFENDANTS WADDINGTON AND RUSSELL

Plaintiff argues that Defendants Waddington and Russell are not entitled to qualified immunity because: Plaintiff put the Defendants "on notice," because they failed to act, Defendant Waddington's job description makes him part of the classification process, that "[a]s superintendents, Waddington and Russell were personally aware of [Plaintiff's] mental health history and classification decisions. At no time did they ever question Martin's decision." *Id.* He asserts that they "knew of Martin's misconduct and chose not to act" and so were deliberately indifferent. *Id.* Plaintiff also asserts that Waddington and Russel are "clearly liable because of their inaction and their lack of training and control over their subordinates." *Id.* Plaintiff fails to support any of these assertions with evidence.

As stated in the Report and Recommendation, Plaintiff has failed to point to evidence in the record, which if construed in his favor, would demonstrate that Waddington and Russel are liable for a violation of his constitutional rights. His claims against Defendants Waddington and Russel should be dismissed.

### D. CONCLUSION

The Report and Recommendation (Dkt. 112) should be adopted, the Defendants' motion for summary judgment granted, and the case dismissed.

### III. ORDER

It is **ORDERED** that:

(1) The Court **ADOPTS** the Report and Recommendation (Dkt. 112);

(2) Defendants' motion for summary judgment is **GRANTED**; and

(3) Plaintiff's complaint is **DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Theresa L. Fricke, all counsel of record, and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of September, 2018.

*[signature]*

ROBERT J. BRYAN
United States District Judge